UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| JAMES EDWARD GEORGE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-CV-95-HRW |
| v. | ) | |
| | ) | |
| KATHY LITTERAL, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff James Edward George, Jr., is an inmate confined by the Kentucky Department of Corrections ("KDOC") in the Green River Correctional Complex ("GRCC") located in Central City, Kentucky. Prior to his confinement in the GRCC, George was confined in the Eastern Kentucky Correctional Complex ("EKCC"), which is located in West Liberty, Kentucky.

Proceeding without counsel, George has filed a 73-page civil rights complaint [D. E. No. 1] in which he asserts numerous constitutional claims under 42 U.S.C. § 1983, challenging various conditions of his prior confinement at the EKCC. George names as defendants several EKCC officials, and seeks substantial compensatory and punitive damages from all of the defendants; trial by jury; and any other relief to which he may be entitled. By separate order, George has been

granted pauper status in this proceeding.  As explained below, however, the Court will not entertain George's Complaint, but will instead give him thirty days from this date in which to file a 15-page Amended Complaint setting forth the basic information and facts relative to his § 1983 claims, in a more condensed fashion.

## DISCUSSION

Because George asserts claims against government officials and has been granted pauper status in this action, the Court is required to conduct a preliminary review of his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A.  These statutes require a district court to dismiss any civil claim which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendants who are immune from such relief.  *Id.*

That review is premature at this time because George has filed a rambling, 73-page Complaint which consists of pages and pages of minute, detailed factual allegations.  He has also attached thereto over seventy (70) pages of exhibits, all of which he asks this Court to read and consider on initial review.  George has violated the letter and spirit of Fed. R. Civ. P 8(a), which requires that pleadings be "short" and "plain," and Rule 8(e) requires each averment to be "simple, concise and direct."  Rule 8 requires plaintiffs "to edit and organize their claims and supporting allegations into a manageable format."  *Laster v. Pramstaller*, No. 08-

CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (citing *Windsor v. Colorado Dep't. of Corr.*, 9 F. App'x 967, 968 (10th Cir. 2001) (quotation marks omitted)). Because a district court has limited resources, it possesses the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. *See* Fed. R. Civ. P. 41(b); *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir. 1991); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988).

The Court would be acting within its rights by dismissing the Complaint as being in violation of Fed. R. Civ. P. 8(a) and (e). *See Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 298 (D.C. Cir. 1993) (noting the dismissal of RICO claim by district court for failure to comply with Rule 8(a)); *Resource N.E. of Long Island, Inc. v. Town of Babylon*, 28 F.Supp.2d 786, 795 (E.D.N.Y. 1998) (dismissing an "excessively long-winded" RICO complaint for violation of Rule 8); *Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Burton v. Peartree*, 326 F. Supp. 755, 758 (E. D. Penn. 1971) ("Burton, proceeding *pro se*, has filed a lengthy and rambling complaint which contains little more than demands, charges, and conclusions. The complaint is not a short and plain statement of the case and flagrantly violates Fed.

R. Civ. P. 8.  On this ground alone the complaint may be dismissed. (Citations omitted).").

In light of his *pro se* status, however, the Court will give George thirty (30) days from the date of entry of this Order in which to submit a concise and condensed Amended Complaint, **not to exceed fifteen (15) pages**, which complies with the instructions set forth below.  While a party is entitled to state his claims and arguments, he must observe a reasonable degree of brevity, which a 15-page Amended Complaint will accommodate.

In his 15-page Amended Complaint, George **must** provide the following information: (1) a plain and simple statement setting forth **each type of constitutional claim** that he is asserting (*i.e.*, a First Amendment retaliation claim; a Fourteenth Amendment due process claim; an Eighth Amendment cruel and unusual punishment claim); (2) a short and plain statement, preferably no more than a paragraph, describing the **specific actions, or inactions,** about which he complains (*i.e.*, that he was allegedly denied medication or that he was allegedly the subject of retaliation); (3) the **names of each and every defendant** who was allegedly involved in each of  the actions/lack of actions about which he complains; and (4) **the date** (either exact or the most approximate) on which each and every complained-of action involving the named defendants allegedly

4

occurred. *See Windsor v. A Fed. Exec. Agency*, 614 F.Supp. 1255, 1258 (M.D. Tenn. 1983) (noting that a 47-page complaint was excessive and "confusing and distracting," and ordering plaintiff to amend his complaint to comply with Rule 8), *aff'd* Mem., 767 F.2d 923 (Table), 1985 WL 13427 (6th Cir. June 27, 1985) (*per curiam*).

George's failure to comply with this Order within the prescribe time limit will result in the dismissal of this action for failure to prosecute.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     As the Complaint [D. E. No. 1] filed Plaintiff James Edward George, Jr., does not comply with either the "short and plain statement" requirement Federal Rules of Civil Procedure 8(a)(2), or the other pleading requirements set forth in Federal Rule of Civil Procedure 8(e), **THE COURT WILL NOT ENTERTAIN GEORGE's COMPLAINT [D. E. No. 1].**

(2)     Within thirty (30) days from the date of entry of this Order, George must submit a concise and condensed Amended Complaint which does not exceed **fifteen (15) pages,** and which includes the all of following information:  (a) a plain and simple statement setting forth each type of constitutional claim which George is asserting; (b) a short and plain statement, preferably no more than a paragraph,

describing the specific actions or inactions about which George complains; (c) the names of each and every defendant who was allegedly involved in each of the actions or inactions about which he complains; and (d) the exact date (or if that is not possible, the most approximate date) on which each and every complained-of action involving the named defendants allegedly occurred.

(3)    George's failure to comply with this Order within the prescribed time limit will result in the dismissal of this action for failure to prosecute.

(4)    The Clerk of the Court shall submit the record upon the filing of the Amended Complaint as specified above, or the expiration of George's compliance deadline herein, whichever event occurs first.

This November 5, 2015.



**Signed By:**
*Henry R. Wilhoit, Jr.*
**United States District Judge**